MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@atllp.com

*Attorneys for Defendant Wyndham Vacation Resorts, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUDY SABELLA, individually, and TIMOTHY SABELLA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC.; JOHN DOES 1-50, and ROE CORPORATIONS 1-15, inclusive,<br><br>Defendants. | Case No.:<br><br>(State Case No.: A-21-833155-C)<br><br>**DEFENDANT WYNDHAM VACATION RESORTS, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

Defendant, Wyndham Vacation Resorts, Inc. ("WVR"), by and through its counsel, Armstrong Teasdale LLP, hereby gives notice of removal of this action to the United States District Court for the District of Nevada from the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-21-833155-C.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  WVR removes this case without waiving, but reserving, all procedural and substantive rights and defenses.

In support of removal to the United States District Court for the District of Nevada, WVR states as follows:

I.   **NATURE OF DISPUTE**

1.   Plaintiffs Judy Sabella and Timothy Sabella (collectively, "Plaintiffs") allege that WVR pressured and deceived them into purchasing a timeshare interest in or about April 2018 in Nevada, and that WVR otherwise made misrepresentations to Plaintiffs regarding the timeshare interest.  WVR denies the allegation and claims asserted in the Complaint.

2.   On April 19, 2021, Plaintiffs filed a Complaint against WVR in the Eighth Judicial

1

District Court, Clark County, Nevada, Case No. A-21-833155-C, in a case captioned, *Judy Sabella, et al. v. Wyndham Vacation Resorts, Inc.* (the "State Court Action"). *See* State Court Action filings, attached hereto as **Exhibit "A."**

3. Plaintiffs' Complaint asserts five causes of action against WVR, including: (1) Financial Elder Abuse – NRS 41.1395; (2) Nevada Deceptive Trade Practices Act Violations – NRS 598..0977; (3) Nevada Timeshares Regulation Violations – NRS 199A; (4) Breach of Fiduciary Duty; and (5) Fraud.

4. WVR has not filed its responsive pleading in the State Court Action[1]; however, WVR deny liability as to each and every one of Plaintiffs' causes of action and the facts underlying them.

## II. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

5. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions based on diversity of the parties.

6. Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants the statutory right to remove a case from a state court to a United States District Court where that case originally could have been filed. *See* 28 U.S.C. § 1441(a). Article III, Section 2 of the United States Constitution extends original jurisdiction to federal courts over controversies "between citizens of different states." U.S. Const. art. III, § 2; *see also* 28 U.S.C. § 1332(a)(1).

7. As set forth below, removal to the United States District Court for the District of Nevada is proper in this case as (1) there is complete diversity jurisdiction between Plaintiffs and WVR, and WVR is not a citizen of Nevada, and (2) the amount in controversy exceeds $75,000.00.

### A. DIVERSITY OF CITIZENSHIP

*i. Citizenship of the current parties to the action.*

8. Plaintiff Judy Sabella alleges that she is living in Grand Valley, Pennsylvania. *See* Exhibit A, Compl., at ¶ 1, Therefore, she is a citizen of the State of Pennsylvania.

9. Plaintiff Timothy Sabella alleges that he is living in Grand Valley, Pennsylvania. *See id.* at ¶ 2. Therefore, he is a citizen of the State of Pennsylvania.

---

[1] WVR's response is due on June 18, 2021.

10.     Defendant Wyndham Vacation Resorts, Inc. is a Delaware corporation with its principal place of business in Florida. *See* Declaration of Theresa Orben ("Orben Decl."), attached hereto as **Exhibit "B,"** at ¶ 3.

11.     Based on the foregoing, there is complete diversity of citizenship between Plaintiffs and WVR. Furthermore, WVR is not a Nevada citizen.

### B. THE JURISDICTIONAL AMOUNT IS SATISFIED

12.     United States District Courts have original jurisdiction when the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

13.     Where the complaint fails to specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* at 404. The amount in controversy, however, is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It is simply the "amount *at stake* in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis added).

14.     Plaintiffs' do not expressly plead a specific dollar amount for damages, but pray for the following monetary relief: (A) rescind all Contracts and other agreement between Plaintiffs and WVR; (B) return of all funds paid by Plaintiffs to WVR with interest; and (C) statutory penalties, punitive damages, and reasonable attorney fees and costs as permitted under various statutes. *See* Exhibit A, Compl., at p. 14, ln. 6-14.[2]

15.     As discussed herein, the value of Plaintiffs' requested damages and equitable relief exceeds $75,000.00.

---

[2] Plaintiffs allege that to date they have paid WVR $15,864 (*id.* at ¶ 54), that they have "suffered the loss of $23,864.00" (*id.* at ¶ 60), and seek recission of a contract whose total value including financing is $42,157.95 (*id.* at ¶ 40).

### 1. Actual Damages

16. Plaintiffs seek "the return of all funds paid by the Sabellas to Wyndham with interest of no less than 10% per year from the date of Wyndham's wrongful conduct." *Id.* at p. 14, ln. 9 – 10.

17. Plaintiffs allege that they purchased a timeshare interests for a total of $23,000.00. *Id.* at ¶ 36. Plaintiffs also contend that to date they have paid WVR the total amount of $15,864.00 ($13,164.00 for mortgage payments and $2,700.00 for maintenance fees). *Id.* at ¶ 54.

18. Under the timeshare contract at issue in this action (a copy of which was attached to the Complaint at Exhibit B), Plaintiffs agreed to pay WVR the total amount of $23,379.00 for their timeshare interest, which includes the net purchase price of $23,000.00, a $30.00 closing cost, and a $349.00 processing fee. *See* Declaration of James Ward ("Ward Decl."), at ¶ 7, attached hereto as **Exhibit "C."** Plaintiffs made a down payment in the amount of $3,532.35 and financed the remaining balance of $19,846.65 agreeing to pay WVR 120 monthly installment payments of $322.13 beginning June 2018. *Id.*

19. WVR's records reflect that as of May 26, 2021, Plaintiffs have paid WVR $11,596.68 towards their timeshare interest financing. *Id.* at ¶ 8.

20. WVR's records reflect that as of May 26, 2021, Plaintiffs paid $3,244.68 to WVR in monthly maintenance fees. *Id.* at ¶ 9.

21. In sum, as of May 26, 2021, Plaintiffs paid WVR a total of $18,373.71 for their timeshare interest, including the down payment, monthly installments, and maintenance fees.

22. The amount Plaintiffs paid for their timeshare to date, or $18,373.71, is indisputably "at stake" in this litigation because Plaintiffs now seek to recover this amount through their Complaint. *See* Exhibit A, Compl., at p. 14, ln. 9-10. (prayer for relief includes "the return of all funds paid by the Sabellas to Wyndham").

### 2. Equitable Relief

23. Plaintiffs also seek to rescind their timeshare agreement, thereby relieving them from any future obligations to WVR under the timeshare contract. *See id.* at p. 13, ln. 27.

24. The value of a contract sought to be rescinded should be included when calculating the amount in controversy. *See, e.g., Wolverton v. Wells Fargo*, N.A., Case No. 2:12-CV-00628, 2011

WL 2149907, *1 (D. Nev. June 1, 2011) (denying remand and finding the amount in controversy was satisfied where plaintiff sought the rescission of a mortgage valued at $1,160,000).

25. Monthly maintenance fees are an ongoing expense of the owner throughout the life of the timeshare interest ownership. *See* Ex. C, Ward Decl., at ¶ 10. Monthly maintenance fees in 2021 under the contract are $100.24. *Id.*

26. By demanding to rescind the timeshare contract, Plaintiffs are seeking to be relieved of their remaining financing obligation. Based on WVR's records, as of May 26, 2021, Plaintiffs timeshare financing balance is $16,678.31. *Id.* at ¶ 8. In addition, by demanding to rescind the timeshare contract, Plaintiffs are seeking to be relieved of all future monthly maintenance fees.

27. In total, by way of Plaintiffs' recission claim, Plaintiffs seek to be relieved of contractual obligation of $16,678.31 in principal, along with thousands of dollars of interest and ongoing maintenance fees. Accordingly, the true "value" of the equitable relief is at least $16,678.31, but likely so much more as Plaintiffs avoid interest and monthly maintenance fees.

3. *Punitive Damages*

28. Plaintiffs seek to recover punitive damages. *See* Exhibit A, Compl., at p. 14, ln. 12-14.

29. It is well established that "punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). Thus, "a district court may consider punitive damages in determining the amount in controversy when such damages are available as a matter of state law." *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963).

30. In Nevada, punitive damages are available for claims asserting violation of Nevada's Deceptive Trade Practices Act, violation of N.R.S. 119A.710, and fraud – each of which are asserted by Plaintiffs against WVR. *See* NRS 42.005(1); *see also Cleverly v. Ballantyne*, No. 2:12-CV-00444-GMN-GWF, 2013 WL 12320134, *10 (D. Nev. Aug. 29, 2013) ("Damages for fraud in the inducement…could include punitive damages if intentional fraud is established.")

31. Here, Plaintiffs allege a variety of conduct that could, if proven, subject WVR to punitive damages. Indeed, in addition to making accusations that WVR allegedly knowingly made false assurances during the sale transaction, Plaintiffs also offer ten general paragraphs setting forth

the details of the timeshare industry and WVR's alleged deceptive and fraudulent business practices. *See* Exhibit A, Compl. at ¶¶ 11-20.  WVR denies each of Plaintiffs' allegations in their entirety.

32. The Nevada Supreme Court affirmed punitive damages to compensatory damages ratio of 3:1 as appropriate. *See Prestige of Beverly Hills, Inc. v. Weber*, 128 Nev. 927, 381 P.2d 652 (2012) (finding that a punitive damages award of slightly more than three times compensatory damages was "not grossly excessive."); *but see, Wyeth v. Rowatt*, 126 Nev. 446, 475 (2010) (also finding that a damage ratio of less than 3:1 is "acceptable" under Nevada law).

33. Here, Plaintiffs' actual damages may be calculated at $18,373.71; therefore, Plaintiffs could seek punitive damages of *at least* three times that amount, or a minimum of $55,121.13.

4. Statutory Treble Damages

34. Plaintiffs seek to recover statutory penalties. *See* Compl., at p. 14, ln 12-13. Presumably the "statutory penalties" to which Plaintiffs seek are treble damages under the Nevada Deceptive Trade Practices Act, which provides that a court may require a corporation that "derives profit from the knowing and willful engagement in a deceptive trade practice" to pay "treble damages on all damages suffered by reason of the deceptive trade practice." N.R.S. 598.0999(3).  In addition, Plaintiffs appear to be seeking "two times their actual damages pursuant to NRS 41.1395," which provides that "if an older person or a vulnerable person suffers a personal injury or death that is caused by abuse or neglect or suffers a loss of money or property caused by exploitation, the person who caused the injury, death or loss is liable to the older person or vulnerable person for two times the actual damages incurred by the older person or vulnerable person." NRS 41.1395; *see also* Exhibit A, Compl., at p. 14, ln. 10.

35. Statutory damages must also be considered as part of the amount in controversy.  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1045 n.3 (9th Cir. 2000) (proper for court to include treble damages permitted by statute in calculating amount in controversy).

36. Plaintiffs' allegations—which if accepted as true, as they must be for purposes of this Court's analysis—could establish that WVR acted willfully and knowingly in a deliberate attempt to deceive and mislead the Plaintiffs. *See* Exhibit A, Compl., at ¶¶ 27-55.  Furthermore, Plaintiffs allege they were over 60 years of age. *Id.* at ¶¶ 27-28.

37. WVR vehemently denies engaging in any conduct that would trigger such damages or penalties. However, WVR's denial alone does not foreclose including treble damages and other statutory damages from the amount in controversy calculation. Plaintiffs claim entitlement to such damages and expressly allege factual allegations that WVR did knowingly and willfully engage in such deceptive trade practice and elder abuse. Thus, treble damages and "two times the actual damages" should be included in calculating the amount in controversy. *See Chabner*, 225 F.3d at 1045, n.3.

38. Here, the actual amount Plaintiffs paid to WVR is $18,373.71. Accordingly, Plaintiffs may seek treble damages of three times such amount, or $55,121.13, and two times the actual damages, or $36,747.42.

39. In short, WVR strenuously disputes that Plaintiffs are entitled to any recovery in this lawsuit. However, for removal purposes only, WVR has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Plaintiffs' allege actual damages of $18,373.71, the value of the equitable relief exceeds $16,678.31, the punitive damages potential of $55,121.13, statutory treble damages of $55,121.13, and two times damages under NRS 41.1395 of $36,747.42. Notably, Plaintiffs are also seeking recovery of their attorney fees under their various statutory claims. Plaintiffs possible damages satisfy the minimum amount in controversy requirement as damages may total at least $182,041.70.

### C. THE NOTICE OF REMOVAL IS TIMELY AND PROCEDURALLY PROPER

40. This Notice of Removal is timely as it is being filed within the 30-day period provided for in 28 U.S.C. § 1446(b)(1).

41. Plaintiffs filed their Complaint on April 19, 2021, in the Eighth Judicial District Court in and for Clark County, Nevada. *See* Exhibit A, Compl., at p. 1.

42. WVR was served with the Summons and Complaint on April 28, 2021.

43. Accordingly, the filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is within thirty (30) days of receipt by WVR of Plaintiffs' Complaint.

44. Attached as Exhibit A to this Notice of Removal are copies of all process, pleadings,

and orders filed in and/or served upon WVR in the State Court Action.

45. The United States District Court for the District of Nevada is an appropriate venue for removal purposes pursuant to 28 U.S.C. §§ 1332 and 1441 because the Eighth Judicial District Court is located within the jurisdiction of the District of Nevada.

46. Upon filing this Notice of Removal, WVR will file a copy with the Clerk of the Eighth Judicial District Court and provide notice of removal to all adverse parties, as provided by 28 U.S.C. § 1446(d).

47. WVR reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, WVR respectfully provides notice of the removal of this action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada for all further proceedings and prays for such other and further relief as the Court deems just and proper.

Dated this 27th day of May, 2021.   ARMSTRONG TEASDALE LLP

By: /s/ Michelle D. Alarie
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169

*Attorneys for Defendant Wyndham Vacation Resorts, Inc.*


# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5 (b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing was served:

☐ via electronic service to the address(es) shown below:

    gma@albrightstoddard.com
    jalvarez@albrightstoddard.com

☒ via the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class postage prepaid, on the date and to the address(es) shown below:

    G. Mark Albright, Esq. and
    Jorge L. Alvarez, Esq.
    ALBRIGHT, STODDARD, ET AL.
    801 South Ranch Dr., Ste. D-4
    Las Vegas, NV 89106

*Attorneys for Plaintiffs*

Date: May 27, 2021            */s/ Simone Ruffin*
                                  An employee of Armstrong Teasdale LLP