G. MARK ALBRIGHT, ESQ. (#001394)
JORGE L. ALVAREZ, ESQ. (#014466)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com

*Attorneys for Plaintiffs Judy Sabella and Timothy Sabella*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUDY SABELLA, individually, and TIMOTHY SABELLA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC.; JOHN DOES 1-50, and ROE CORPORATIONS 1-15, inclusive.<br><br>Defendant. | Case No.: 2:21-cv-01016-GMN-DJA<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY THE CASE AND COMPEL ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION** |

Plaintiffs JUDY SABELLA, individually, and TIMOTHY SABELLA, individually (collectively, "Plaintiffs"), and Defendant WYNDHAM VACATION RESORTS, INC. ("Defendant"), by and through their respective counsels of record, hereby jointly submit the following stipulation requesting that this Court stay this action and compel arbitration of the parties' dispute for administration before the American Arbitration Association ("AAA") under the AAA's Consumer Rules for Arbitration. To the extent the AAA declines to administer the arbitration, the Parties request that this Court retain jurisdiction to appoint a substitute arbitrator mutually agreed upon by the Parties, or if the Parties cannot agree upon an arbitrator, by selecting one arbitrator from names submitted by the Plaintiffs and Defendant with each side having the right to offer two potential arbitrators. This stipulation is brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

## RECITALS

Plaintiffs filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada, on April 19, 2021, against Defendant. (ECF No. 1.) Defendant removed this action to this Court on May 27, 2021. (*Id.*) Defendant's response to the Complaint is due on June 18, 2021. (ECF No. 7.)

Plaintiffs' claims arise from their purchase of a timeshare interest from Defendant under that certain written purchase agreement entitled ClubWyndham Access Vacation Ownership Plan Retail Installment Contract Purchase and Security Agreement (Nevada), Contract No. 00123-1807991, dated April 20, 2018 (the "Purchase Agreement"), which includes an express provision to arbitrate disputes arising under the Purchase Agreement.

Plaintiffs agree that all of their claims in this action are subject to the arbitration provisions in the Purchase Agreement that is the subject of this litigation.

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. The Parties agree to stay this action to allow Plaintiffs to file a demand for arbitration with the American Arbitration Association ("AAA") and pending the resolution of the same through the arbitration process.

2. The Parties agree that arbitration of this dispute may be properly filed in Las Vegas, Nevada with the AAA under the AAA Consumer Rules, regardless of any conflict between the AAA Consumer Due Process Protocol and the limitations of liability clauses in the Purchase Agreement. The Parties reserve their rights to adjudicate the validity and enforceability of those clauses before the arbitrator.

3. The Parties agree that if the AAA declines to administer this dispute, the Parties shall work in good faith to select a mutually agreeable substitute arbitrator located within the agreed upon arbitration forum of Las Vegas, Nevada. Upon agreement to a substitute arbitrator, the Parties will file a stipulation for this Court to appoint the mutually agreed upon substitute arbitrator pursuant to 9 U.S.C. § 5. In the event the Parties cannot come to an agreement on a substitute arbitrator, the Parties agree to file a Joint Motion pursuant to 9 U.S.C. § 5 wherein each side will have the right to name up to two substitute arbitrators for this Court to choose from. If a substitute arbitrator is appointed, the payment of all fees for registration, filing, and administration

- 2 -

of the arbitration, and the payment of arbitrator fees, shall continue to be governed by the AAA Consumer Rules and applicable law, unless otherwise stated in the Purchase Agreement.

4. The Parties agree that this Court shall retain jurisdiction to confirm the arbitration award, if any, and to enter judgment, if any, for purposes of enforcement.

5. The Parties agree that periodic status checks in this matter are appropriate upon further order of the Court.

DATED this 14th day of June, 2021.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

By: */s/ Jorge L. Alvarez, Esq.*
G. MARK ALBRIGHT, ESQ., NBN 394
JORGE L. ALVAREZ, ESQ., NBN 14466
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106

*Attorney for Plaintiffs Judy Sabella and Timothy Sabella*

DATED this 14th day of June, 2021.

**ARMSTRONG TEASDALE LLP**

By: */s/ Michelle D. Alarie, Esq.*
MICHELLE D. ALARIE, ESQ., NBN 11894
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169

*Attorneys for Defendant Wyndham Vacation Resorts, Inc.*

### ORDER

Based upon the foregoing stipulation and good cause appearing, this entire action is hereby ordered stayed pending resolution of the Parties' dispute by binding arbitration as provided for in the Purchase Agreement. It is further ordered that that this action be compelled to arbitration to be administered by the American Arbitration Association under the AAA's Consumer Rules for Arbitration.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
DATE:_____